IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

SPANISH TRACE CONDOMINIUM
ASSOCIATION, INC.

        Plaintiff,

vs.

GREAT AMERICAN E & S INSURANCE COMPANY

        Defendant.
_____/

Case No. 10-56925CA27

THE ORIGINAL FILED
ON OCT 22 2010
IN THE OFFICE OF
CIRCUIT COURT DADE CO
CIVIL DIVISION

## COMPLAINT FOR DAMAGES AND PETITION TO COMPEL APPRAISAL

Plaintiff, SPANISH TRACE CONDOMINIUM ASSOCIATION, INC, ("SPANISH TRACE"), by and through the undersigned counsel, files this Complaint for Damages and Petition to Compel Appraisal against Defendant, GREAT AMERICAN E & S INSURANCE COMPANY ("GREAT AMERICAN"), and as grounds therefore states as follows:

### GENERAL ALLEGATIONS

1. The amount in controversy in this action is in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of court costs, prejudgment interest, and attorney's fees.

2. At all times relevant hereto, SPANISH TRACE was and is a condominium association formed pursuant to the laws of the State of Florida.

3. At all times relevant hereto, SPANISH TRACE had and has an insurable interest in the real property located at 10766 N. Kendall Drive, Miami, Florida 33176 ("the Property").



EXHIBIT A

4. Upon information and belief, Defendant, GREAT AMERICAN, was and is a foreign Surplus Lines Insurance Carrier engaged in the business of insurance with Florida citizens.

5. In consideration of the premium paid to it, GREAT AMERICAN issued to SPANISH TRACE a Commercial Property Insurance Policy bearing Policy Number CGP 5849624 ("the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A".

6. On or about October 24, 2005, SPANISH TRACE suffered damage wind damages and ensuing losses to its insured property as the result of Hurricane Wilma.

7. The Policy was in full force and effect at the time of the loss/losses.

8. SPANISH TRACE timely notified GREAT AMERICAN of the loss and filed a claim pursuant to the terms and conditions of the Policy.

9. GREAT AMERICAN has admitted coverage for the damages, but has consistently failed and/or refused to pay any amounts due and owing pursuant to the terms and conditions of the Policy.

## COUNT I
## PETITION TO COMPEL APPRAISAL

10. SPANISH TRACE re-alleges Paragraphs one (1) through nine (9) as if fully set forth herein.

11. In consideration for the premium paid to it, GREAT AMERICAN issued a Commercial Property Insurance Policy to SPANISH TRACE. Upon information and belief, the Policy is an "all-risks" insurance policy and covers all losses not specifically excluded.

12. Damages caused by hurricane and/or hurricane force winds and ensuing losses are covered damages under the Policy.

13. SPANISH TRACE suffered wind damages and ensuing losses to its insured property on or about October 24, 2010, as a result of Hurricane Wilma. The loss was timely reported to GREAT AMERICAN.

14. In response, GREAT AMERICAN sent an adjuster/representative to investigate and adjust the loss.

15. GREAT AMERICAN has admitted coverage for the damages, however, GREAT AMERICAN has failed to pay any amounts due and owing under the Policy contending that the damages do not exceed the deductible.

16. SPANISH TRACE believes that the damages exceed GREAT AMERICAN'S deductible, and have provided GREAT AMERICAN with documentation supporting its position.

17. The Policy provides:

> 21. APPRAISAL --
>
> IF THE INSURED AND THE COMPANY FAIL TO AGREE AS TO THE AMOUNT OF LOSS, EACH SHALL ON THE WRITTEN DEMAND OF EITHER, MADE WITHIN SIXTY (60) DAYS AFTER RECEIPT OF PROOF OF LOSS BY THE COMPANY, SELECT A COMPETENT AND DISINTERESTED APPRAISER, AND THE APPRAISAL BE MADE AT A REASONABLE TIME AND PLACE. THE APPRAISERS SHALL FIRST SELECT A COMPETENT AND DISINTERESTED UMPIRE, AND FAILING FOR FIFTEEN (15) DAYS TO AGREE UPON SUCH UMPIRE, THEN, ON THE REQUEST OF THE INSURED OR THE COMPANY, SUCH SHALL BE SELECTED BY A JUDGE OF A COURT OF RECORD IN THE STATE IN WHICH SUCH APPRAISAL IS PENDING. THE APPRAISERS

> SHALL THEN APPRIASE THE LOSS, STATING SEPARATELY THE ACTUAL CASH VALUE AT THE TIME OF LOSS AND THE AMOUNT OF LOSS, AND FAILING TO AGREE SHALL SUBMIT THEIR DIFFERENCES TO THE UMPIRE. AN AWARD IN WRITING OF ANY TWO SHALL DETERMINE THE AMOUNT OF LOSS. THE INSURED AND THE COMPANY SHALL EACH PAY HIS OR ITS CHOSEN APPRAISER AND SHALL BEAR EQUALLY THE OTHER EXPENSES OF THE APPRAISAL AND UMPIRE. THE COMPANY SHALL NOT BE HELD TO HAVE WAIVED ANY OF ITS RIGHTS BY ANY ACT RELATING TO APPRAISAL.

18. As GREAT AMERICAN and SPANISH TRACE have a dispute over the amount of the loss, SPANISH TRACE invoked its contractual right to appraisal on or about August 30, 2010. A true and correct copy of SPANISH TRACE'S letter invoking appraisal is attached hereto as Exhibit "B".

19. In response to SPANISH TRACE'S appraisal demand, GREAT AMERICAN'S adjuster/representative contacted SPANISH TRACE by phone and confirmed that GREAT AMERICAN agreed to the appraisal.

20. On or about September 21, 2010, GREAT AMERICAN confirmed these conversations in writing and named its chosen appraiser. A true and correct copy of GREAT AMERICAN'S letter is attached hereto as Exhibit "C".

21. The appraisers chosen by SPANISH TRACE and GREAT AMERICAN have commenced the appraisal process and are currently working to resolve the dispute.

22. Notwithstanding the foregoing, GREAT AMERICAN'S attorney/representative contacted SPANISH TRACE on or about October 13, 2010 and stated that GREAT AMERICAN may not proceed with appraisal of the loss.

23. SPANISH TRACE has asked GREAT AMERICAN to confirm that it would continue with the appraisal process, however, as of the date of the filing of this Complaint, GREAT AMERICAN has failed and/or refused to respond.

24. As GREAT AMERICAN has at all times admitted coverage for the damages incurred by SPANISH TRACE as a result of Hurricane Wilma, the only remaining dispute between the parties is the amount of loss.

25. Florida case law is clear that once an insurer has admitted to coverage for a claim and the parties dispute the amount of loss, then appraisal is an appropriate forum and causation may be determined by the appraisal panel. Johnson v. Nationwide, 828 So.2d 1021 (Fla. 2002).

26. SPANISH TRACE has done all things required of it in order to proceed to appraisal of the loss, or alternatively has been excused from performance by the actions, statements, and representations of GREAT AMERICAN.

27. As a result of GREAT AMERICAN'S current refusal to proceed with the appraisal process, SPANISH TRACE requires this Court's assistance in compelling GREAT AMERICAN to comply with its contractual obligations.

28. Specifically, SPANISH TRACE requests this Court enter an Order compelling GREAT AMERICAN to honor its contractual obligations and previous agreement by participating in the appraisal process.

29. SPANISH TRACE also requests this Court retain jurisdiction over the instant matter in order to confirm any award or enter any Order necessary to enforce the instant appraisal and/or subsequent award.

30. Furthermore as a result of being forced to bring this action, SPANISH TRACE has incurred attorney's fees and costs. SPANISH TRACE is entitled to reimbursement of these fees and costs pursuant to Florida Statutes § 627.428.

**Wherefore** Plaintiff, SPANISH TRACE CONDOMINIUM ASSOCIAITON, INC., respectfully requests this Court to enter an Order compelling GREAT AMERICAN to participate in the appraisal process, retaining jurisdiction over this case in order to confirm the appraisal award or issue any orders necessary pursuant thereto, awarding SPANISH TRACE reasonable attorney's fees and costs incurred in bringing this action, and granting any other such relief as this Court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT

31. SPANISH TRACE re-alleges Paragraphs one (1) through nine (9) as if fully set forth herein.

32. This is a cause of action for breach of an insurance contract arising out of an insurance policy that was in effect at the time SPANISH TRACE suffered damages to its insured property as the result of Hurricane Wilma.

33. On or about October 24, 2005, SPANISH TRACE suffered wind damages and ensuing losses as a result of Hurricane Wilma.

34. Wind damages and ensuing losses are covered perils under the Policy.

35. SPANISH TRACE timely reported the damages to GREAT AMERICAN and took steps to mitigate its damages.

36. In response, GREAT AMERICAN sent an adjuster and representative to investigate and adjust SPANISH TRACE'S claim.

37. GREAT AMERICAN has admitted coverage for the losses sustained by SPANISH TRACE, however, GREAT AMERICAN has failed and/or refused to tender any monies due and owing under the Policy.

38. On or about August 30, 2010, SPANISH TRACE demanded appraisal of the loss pursuant to the terms and conditions of the Policy. *See* Exhibit "B".

39. On or about September 21, 2010, GREAT AMERICAN confirmed its agreement to appraisal and named its appraiser. *See* Exhibit "C".

40. Notwithstanding the foregoing, on or about October 13, 2010, GREAT AMERICAN'S counsel/representative contacted SPANISH TRACE and stated that GREAT AMERICAN would not participate in the appraisal process, although it is contractually obligated to do so.

41. GREAT AMERICAN'S refusal to participate in the appraisal process is a breach of the insurance contract.

42. Wind damages and ensuing losses have damaged the insured property and have caused SPANISH TRACE substantial hardship.

43. SPANISH TRACE has suffered financial damages as a result of the damages, and continues to suffer the loss.

44. SPANISH TRACE has repeatedly requested GREAT AMERICAN pay its damages, however, GREAT AMERICAN has continually failed and/or refused to do so based on its improper, inadequate, and outcome-oriented investigation of the damages as well as the palpably incorrect and biased opinions and recommendations of its agents and/or representatives.

45. SPANISH TRACE has at all times cooperated with GREAT AMERICAN'S claim investigation. Furthermore, SPANISH TRACE has complied with

all of its obligations under the Policy or, in the alternative, has been excused by the acts, representations, omissions, and/or conduct of GREAT AMERICAN.

46. Notwithstanding the foregoing, GREAT AMERICAN has failed to timely and promptly pay all amounts due and owing under the Policy for covered losses sustained. GREAT AMERICAN'S failure to timely and promptly pay these amounts is a breach of the insurance contract.

47. As a direct result of GREAT AMERICAN'S breach of its insurance contract, SPANISH TRACE has suffered financial damages and continues to suffer the loss.

48. As a direct result of GREAT AMERICAN'S breach of its insurance contract, SPANISH TRACE has suffered consequential damages which were reasonably foreseeable by the parties in the event of such a breach.

49. As a direct result of GREAT AMERICAN'S breach of its insurance contract, SPANISH TRACE was forced to retain counsel and is obligated to pay reasonable attorneys' fees and costs in connection with the prosecution of this action. SPANISH TRACE is entitled to reimbursement of these fees and costs pursuant to Florida Statutes § 627.428.

**WHEREFORE** Plaintiff, SPANISH TRACE CONDOMINIUM ASSOCIATION, INC., respectfully requests this Court enter an award of all:

1. General compensatory damages;
2. Consequential damages;
3. Interest;
4. Attorneys fees and costs associated with the instant litigation;
5. Costs incurred as a result of the instant litigation; and

6.  Any other relief as this Court deems just and appropriate

## COUNT II
## BREACH OF CONTRACT
## (BREACH OF OBLIGATION OF GOOD FAITH AND FAIR DEALING)

50. SPANISH TRACE re-alleges Paragraphs one (1) through nine (9) and twenty-nine (29) through forty-nine (49) as if fully set forth herein.

51. In exchange for the premium paid by SPANISH TRACE, GREAT AMERICAN contractually agreed to indemnify SPANISH TRACE for covered losses sustained to the insured property.

52. In Florida, there is an obligation of good faith and fair dealing contained as a material term of the insurance contract and GREAT AMERICAN has assumed these duties.

53. Pursuant to the terms and conditions of the insurance contract, SPANISH TRACE has a right to insurance coverage for immediate damages caused by a hurricane and/or hurricane force winds and ensuing losses.

54. SPANISH TRACE also has the right to a fair and prompt investigation, payment, and/or settlement of its claim.

55. GREAT AMERICAN breached its obligation of good faith and fair dealing by, among other things:

  (a) Failing to pay for the loss or damages to SPANISH TRACE'S insured property as a result of a hurricane and/or hurricane force winds and ensuing losses;

  (b) Failing to fairly and promptly investigate SPANISH TRACE'S property damage claim;

(c) Failing to promptly and fairly pay SPANISH TRACE'S property damage claim;

(d) Failing to fairly and promptly settle SPANISH TRACE'S property damage claim; and

(e) Otherwise failing to provide property coverage for SPANISH TRACE'S property damage claim.

56. A direct result of GREAT AMERICAN'S breach of the insurance contract and obligation of good faith and fair dealing SPANISH TRACE has lost benefits of its insured property, and continues to suffer the loss.

57. As a direct result of GREAT AMERICAN'S breach of the insurance contract and obligations of good faith and fair dealing, SPANISH TRACE has incurred consequential damages that were reasonably foreseeable in the event of such a breach.

58. As a direct result of GREAT AMERICAN'S breach of the insurance contract and obligations of good faith and fair dealing, SPANISH TRACE has suffered, and continues to suffer, financial damages.

59. As a further direct result of GREAT AMERICAN'S breach of the insurance contract and obligation of good faith and fair dealing, SPANISH TRACE is obligated for attorney fees and costs in connection with the prosecution of this action, and Florida Statute §627.428 provides for the payment of attorney fees in the event of such need.

**WHEREFORE** Plaintiff, SPANISH TRACE CONDOMINIUM ASSOCIATION, INC., request this Court enter an award of all general compensatory damages, consequential damages, along with all interest, costs of this action, attorney's fees and costs, and any other relief this Court deems just and appropriate appropriate.

## COUNT III
## REQUEST FOR DECLARATORY RELIEF

60. SPANISH TRACE re-alleges Paragraphs one (1) through fifty-nine (59) as if fully set forth herein and further states:

61. SPANISH TRACE and GREAT AMERICAN are in doubt and dispute of their rights and obligations under the aforementioned policy of insurance. Such doubt and dispute has created a bona fide, actual and present adverse controversy between the parties regarding the applicability of the above-stated policy and demand for coverage and benefits.

62. SPANISH TRACE'S insured property was damaged as a result of Hurricane Wilma on or about October 24, 2005.

63. GREAT AMERICAN has admitted coverage for the damages to the insured property, however, GREAT AMERICAN has failed and/or refused to tender all monies due and owing SPANISH TRACE.

64. Because GREAT AMERICAN and SPANISH TRACE have a dispute over the amount of the loss in question, SPANISH TRACE demanded appraisal of the loss on or about August 30, 2010. A true and correct copy of SPANISH TRACE'S letter demanding appraisal is attached hereto as Exhibit "B".

65. GREAT AMERICAN has agreed to participate in the appraisal process in an attempt to resolve the outstanding issues regarding the amount of the loss.

66. After the appraisal process had commenced, counsel for GREAT AMERICAN contacted SPANISH TRACE and stated that GREAT AMERICAN may not continue participating in the appraisal process despite its contractual obligation to do so as well as its previous verbal and written agreement.

67. SPANISH TRACE requested that GREAT AMERICAN confirm that it would continue its participation in the appraisal process, however, as of the date of this filing, GREAT AMERICAN has failed and/or refused to do so.

68. Florida Statutes § 95.11(2)(b) states in pertinent part that an action for breach of contract must be commenced within five (5) years in order to be timely filed.

69. Florida Statutes § 95.11(2)(b) does not expressly specify the point in time from which the five (5) year statute of limitations begins to run, however, numerous Florida courts have held that the five (5) year period begins on the date the insurance contract is breached.

70. While SPANISH TRACE adamantly agrees with these rulings, SPANISH TRACE recognizes the potential implications that could result from failing to commence an action before the end of the limitations period. Thus, in an abundance of caution, SPANISH TRACE has filed the instant actions for Breach of Contract and Breach of the Common Law Obligation of Good Faith and Fair Dealing.

71. SPANISH TRACE is in need of immediate action from this Court in order to protect its legal rights and ability to seek appropriate remedies. Specifically, SPANISH TRACE requests this Honorable Court to declare that SPANISH TRACE'S instant Complaint is timely and appropriately filed.

72. Further, if GREAT AMERICAN agrees to immediately continue participating in the appraisal process, SPANISH TRACE requests this Court to enter an order staying SPANISH TRACE'S Complaint for Breach of Contract and Breach of the Common Law Obligation of Good Faith and Fair Dealing until such time as the parties can complete the appraisal process and potentially resolve the claim.

WHEREFORE, Plaintiff, SPANISH TRACE CONDOMINIUM ASSOCIATION, respectfully requests this Court declare:

A. That SPANISH TRACE'S Complaint for Breach of Contract and Breach of the Common Law Obligation of Good Faith and Fair Dealing are timely and appropriately filed;

B. That if GREAT AMERICAN agrees to immediately continue the appraisal process, SPANISH TRACE'S Complaint for Breach of Contract and Breach of the Common Law Obligation of Good Faith and Fair Dealing are stayed pending the outcome of the appraisal process; and,

C. Any such other and further relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

SPANISH TRACE CONDOMINIUM ASSOCIATION, INC., demands a trial by jury on all issues so triable.

Dated: October 21, 2010

William C. Harris, Esq.
Florida Bar No. 69023
**William F. Merlin, Jr., Esq**
Florida Bar No. 364721
MERLIN LAW GROUP, P.A.
777 S. Harbour Island Blvd.
Suite 950
Tampa, FL 33602
Ofc: 813-229-1000
Fax: 813-229-3692
wmerlin@merlinlawgroup.com
wharris@merlinlawgroup.com

Attorneys for Plaintiff